Van Brunt, P. J.
The sole ground upon which it is sought to reverse the judgment appealed from is upon the ground that the verdict is against the weight of evidence.
The complaint alleges the sale and delivery of merchandise at an agreed price of ninety-two dollars, and nonpayment."
The answer admits the sale and delivery of the merchandise, but alleges that such merchandize consisted of folding beds, and that it was agreed by and between the plaintiff and the defendant, at the time of the alleged sale and as an inducement thereto, that the defendant should have the exclusive sale of folding beds to be supplied by plaintiff in and for the city of Troy and vicinity, but that the plaintiff had violated his agreement in that respect by forwarding to other persons in said city of Troy the like folding beds to be sold, and that because of such violation the defendant refused to accept and receive folding beds from the plaintiff.
The answer set up as a counter-claim damages sustained to his trade and business because of the aforesaid breach of contract by the plaintiff. The evidence offered upon the part of the plaintiff was that of his salesman who made the sale to the husband of the defendant, who was her agent and managed- her business.
He testified to the sale, and that no one heard the con versation between Mr. Keith and himself, that although there were other persons present in the back room, they were not near enough to hear the conversation; that nothing was said about the defendant’s having the sole and ex- *829 -elusive handling and sale of these beds in Troy; that he made a memorandum in his hook at the time of the sale in Mr. Keith’s presence and that he called Mr. Keith’s attention to the entry.
The defendant called as a witness Mr Keith, who testified that at the interview of the salesman with him, Mr. Hydona and Mr. Carr were present, who were in court at the time of the trial, and a Mr. Smith who was not in court at the time of trial.
That at a previous interview he had told the salesman he wanted to get control of the beds exclusively and that he said that there was no agent there that sold their goods, and that if he would take them he would, have the exclusive control of these beds in Troy.
That when he came in a second time he ordered these two beds with the distinct understanding, that no one else in Troy was to have them. That shortly after the goods came and he had received them, he found that another dealer by the name of Fogerty had one standing out on his walk, and that then he wrote a letter to the plaintiff to the effect that as they agreed to give the exclusive sale of those beds, that they should give Fogarty the beds or give them to him. That he has held those beds at plaintiff’s disposal since, and that they are now in Troy.
The witness further testified that he had numerous applications for those beds since the agreement and breach, but why he did not sell them he did not state
Mr. Hydom was also examined as a witness for defendant, who testified that he was present at the time of sale and heard the conversation, and that he heard Mr. Keith tell the salesman that he would not take the beds unless he gave him the exclusive right to sell those beds in Troy, to which the salesman agreed.
Mr. Carr was also examined as a witness for defendant, and he testified to the exclusive agreement, and to the large number of customers who had applied for those beds, whose orders the defendant could not fill, because of the breach of the agreement.
One "of the plaintiffs was also examined as to the contents of two letters which passed between these parties and at the close of the evidence by a fair and impartial charge, the question at issue was fairly submitted to the jury and a verdict was found for the plaintiff.
This verdict we cannot interfere with although the jury seemed to have believed one witness of the plaintiffs in preference to three witnesses upon the part of the defendant.
The verdict, instead of being contrary to the weight of evidence, appears to accord with the probabilities of the *830 ease Indeed, the evidence upon the part of the defendant-attempts to prove too much.
In the evidence to establish damages the proof that so large a number of customers applied and that the defendant refused to take their orders, because of this alleged breach of the agreement, seems to shake confidence in the whole case of the defendant.
If the defendant could over and over again have sold these goods at a large profit it hardly seems credible that-he would have preferred a lawsuit to such a sale and the remarkable character of this portion of the defendant’s case may well have shaken confidence in the whole of his evidence.
The judgment appealed from must be affirmed, with costs
The appeal from the order denying a new trial cannot be considered, as no order has been entered.
Bartlett and Daniels, JJ., concur.